IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED

JUL 3 1 2023

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| MATTHEW ARNOLD PEARSON II, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 3:23-CV-_____ |
| | § | JURY DEMANDED |
| CHEDDAR'S RESTAURANT HOLDING | § | |
| CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HON. JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE:

Plaintiff, Matthew Arnold Pearson II, by and through his counsel, files the following original complaint, respectfully averring as follows:

### PARTIES

1.      Plaintiff is an adult individual who is a citizen of the State of Texas.

2.      Defendant, Cheddar's Restaurant Holding Corp., is a corporation organized and existing under the laws of the State of Florida.  Defendant has its principal place of business in the State of Florida.  Defendant may be served with process by serving its president, Ian Baines, at 1000 Darden Center Drive, Orlando, Florida 32837-4032.

### JURISDICTION

3.      The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a) because plaintiff and defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

## CONDITIONS PRECEDENT

4.      All conditions precedent have been performed or have occurred.

## FACTUAL ALLEGATIONS

5.      Defendant at all times relevant to this action, was acting by and through its agents, servants, and employees who were then and there engaged in the performance of their duties, within the scope of their employment.

6.      Defendant maintains a restaurant known as Cheddar's Scratch Kitchen at 21150 Katy Freeway, Katy, Texas 77449-7758, where food is provided to the public in exchange for consideration.

7.      On or about September 20, 2022, plaintiff entered defendant's facility for the purpose of purchasing table service food for consumption.

8.      Plaintiff immediately ate the food purchased from defendant once it was brought to his table.

9.      After eating the food prepared by defendant, plaintiff went home and then became physically ill requiring his emergency hospitalization.

10.     As a proximate result of eating the food prepared by defendant, plaintiff sustained numerous physical injuries as set forth below.

## COUNT 1--BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

11.     Defendant is a merchant that holds itself out to the public as a restaurant that provides food that is fit for human consumption.

12.     Plaintiff purchased food from defendant, and plaintiff expected such food to be of a quality fit for human consumption.

13.     Defendant impliedly warranted that the food that it provided to the public was of

merchantable quality.

14. The food served to plaintiff was unfit for human consumption in that it was improperly prepared and/or handled and such acts constitute a breach of the implied warranty of merchantability.

## COUNT 2--BREACH OF IMPLIED WARRANTY OF FITNESS

15. Defendant is a merchant that holds itself out to the public as a restaurant that provides food that is fit for human consumption.

16. Plaintiff purchased food from defendant, and plaintiff expected such food to be of a quality fit for human consumption and intended for that purpose.

17. Defendant impliedly warranted that the food that it provided to the public was fit for consumption.

18. The food served to plaintiff was unfit for human consumption in that it was improperly prepared and/or handled and such acts constitute a breach of the implied warranty of fitness.

## DAMAGES

19. As a direct and proximate result of defendant's breaches of implied warranties, plaintiff suffered personal injuries in the form of gastroenteritis, food poisoning, dehydration, colonic illness, and diarrhea, all of which injuries are or may be disabling and permanent in nature.

20. As a further result of defendant's breaches of implied warranties, plaintiff has been and or will be obliged to receive and undergo medical attention and care and to expend various sums of money or to incur various expenses for medical treatment.

21. As a further result of defendant's breaches of implied warranties, plaintiff has suffered and/or may suffer the loss of past and/or future wages or an impairment of earning

capacity.

22.    As a further result of defendant's breaches of implied warranties, plaintiff has suffered and/or may suffer shock and injury to the nerves and nervous system and has suffered or may suffer emotional distress.

23.    As a further result of defendant's breaches of implied warranties, plaintiff has suffered and/or may suffer physical and mental anguish and pain, suffering and inconvenience.

24.    As a further result of defendant's breaches of implied warranties, plaintiff has been and/or may be deprived of the ordinary pleasures of life.

## JURY DEMAND

25.    Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

26.    Wherefore, plaintiff requests judgment for damages, in a sum to be determined at trial but no less than $250,000, for costs of this action, and for such other relief as the court may deem just and equitable.

Respectfully submitted,

MARK ARONOWITZ
State Bar No.: 00793281
markaronowitz@hotmail.com
P.O. Box 1201
Texas City, TX 77592-1201
Tel.:    (281) 402-6780
Fax:    (281) 715-4284

OF COUNSEL:
JULIA CATHERINE HATCHER

ATTORNEY IN CHARGE FOR PLAINTIFF,
MATTHEW ARNOLD PEARSON II

4